UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KOURTNEY L.,[1]　　　　　　　　　　　　　　　　Case No. 3:18-cv-01643-JR

　　　　　　　Plaintiff,　　　　　　　　　　　　　OPINION AND ORDER

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

　　　　　　　Defendant.

RUSSO, Magistrate Judge:

Plaintiff Kourtney L. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). For the reasons set forth below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

## BACKGROUND

Born in July 1980**,** plaintiff applied for DIB and SSI on March 12, 2015, alleging disability beginning February 20, 2005.[2] Tr. 15, 32, 326. Plaintiff later agreed to amend the

---

[1] In the interest of privacy, this opinion and order ("O&O") uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

[2] Plaintiff previously applied for benefits under Titles II and XVI, and those applications were denied in a decision dated May 8, 2008. Tr. 15.

alleged onset date to September 1, 2009. Tr. 15. Plaintiff alleged disability due to fibromyalgia, posttraumatic stress disorder ("PTSD"), chronic abdominal pain, anxiety disorder, major depressive disorder, severe migraines, pituitary adenoma, gastrointestinal disorder, and asthma. Id. Plaintiff completed the twelfth grade and has past work experience as a restaurant server and as a bartender. Tr. 327.

Plaintiff's applications were denied initially and upon reconsideration. Tr. 174-83. She requested a hearing before an Administrative Law Judge ("ALJ") and appeared before ALJ Vadim Mozyrsky on March 9, 2017. Tr. 46-77. The ALJ issued a decision finding plaintiff not disabled on August 1, 2017. Tr. 12-42. The Appeals Council denied review on July 11, 2018, making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## THE ALJ'S FINDINGS

The ALJ performed the five step sequential analysis for determining whether a person is disabled. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since September 1, 2009, the alleged onset date. Tr. 18. The ALJ also found plaintiff met the insured status requirements of the Act through March 31, 2010. Id. At step two, the ALJ determined the following impairments were medically determinable and severe: "anxiety disorder, depressive disorder, post-traumatic stress disorder (PTSD), somatic disorder, substance addiction disorder, gastro-intestinal disorder, endometriosis, migraine headaches, fibromyalgia syndrome, and asthma" Id. At step three, the ALJ determined plaintiff's impairments, neither individually nor in combination, met or equaled the requirements of a listed impairment. Tr. 19.

Because the ALJ did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected her ability to work. The ALJ resolved plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> [Plaintiff can] lift and carry twenty pound occasionally and ten pounds frequently; push and pull the same amount as lift and carry; stand and walk six hours total of eight; sit six hours of eight; occasionally climb ladders and scaffolds; occasionally crawl; no concentrated exposure to hazards (such as unprotected heights and moving mechanical parts); no operation of a motor vehicle at the workplace; no concentrated exposure to airborne irritants (such as fumes, dust, odors, and gases); limited to simple, routine, and repetitive tasks and simple work-related decisions; and occasionally interact with coworkers and the public.

Tr. 21.

At step four, the ALJ determined plaintiff could not perform any of her past relevant work. Tr. 31. At step five, the ALJ concluded that plaintiff was capable of performing jobs in the national economy including silver wrapper, collator/operator, and addressing clerk. Tr. 32-33. The ALJ therefore concluded that plaintiff was not disabled from September 1, 2009 through the decision date. Tr. 33.

## STANDARD OF REVIEW

A district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citation omitted). In reviewing the Commissioner's alleged errors, a court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d

771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

When the evidence before the ALJ is subject to more than one rational interpretation, a court must defer to the ALJ's conclusion. Batson, 359 F.3d at 1198 (internal citation omitted). The reviewing court, however, cannot affirm the Commissioner's decision on grounds the agency did not invoke in making its decision. Stout v. Comm'r, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, the court may not reverse an ALJ's decision on account of an error that is harmless. Id. at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

## DISCUSSION

The parties agree that the ALJ erred by (1) giving great weight to the State Agency psychologists' opinions that plaintiff would be limited to one- to two-step tasks, but failing to incorporate this limitation into the RFC; (2) failing to explain his rejection of medical evidence that plaintiff required the assistance of a service animal; and (3) making conflicting findings about whether he was re-opening plaintiff's prior claim. The parties ask this Court to remand this case for further proceedings but disagree as to the ALJ's instructions on remand.

The Court has reviewed the entire record and finds that the ALJ erred in the following ways: first, he gave "great weight" to the State Agency psychologists' opinions that plaintiff would be limited to one- to two-step tasks, but failed to incorporate this limitation into the RFC without explanation. Tr. 21. Second, he omitted any service animal requirement from the RFC but failed to provide a legally sufficient basis for rejecting the opinions of Laurie Chern, M.D., and Julie Kingsland, MSW, CSWA, that plaintiff requires a service animal. Id. Finally, although the ALJ stated he was not re-opening plaintiff's prior claim, he considered evidence from the

already-adjudicated period, and evaluated medical opinions from plaintiff's prior application. Tr. 15, 18, 27, 33, 105, 141. Where the Commissioner considers 'on the merits' the issue of the claimant's disability during the already-adjudicated period, a de facto reopening occurs. Lester v. Chater, 81 F.3d 821, 827 n.3 (9th Cir. 1996). Because the ALJ reopened the record, he was required to review all of the evidence from plaintiff's original alleged onset date through the date of the decision. The ALJ failed to consider all of this evidence and therefore erred. Because of these errors, remand is appropriate.

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. *Id.* at 1020; see also Treichler v. Comm'r, 775 F.3d 1090, 1100 (9th Cir. 2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Second, the record must be fully developed, and further administrative proceedings would serve no useful purpose. Id. Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled. *Id.* To remand for an award of benefits, each part must be satisfied. Id.; see also Treichler, 775 F.3d at 1101 (When all three elements are met, "a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule."). The "ordinary remand rule" is the proper course except in rare circumstances. Treichler, 775 F.3d at 1101.

Here, the ALJ failed to consider all relevant evidence from the re-opened record and formulated an RFC that was not supported by substantial evidence. Further proceedings are

PAGE 5 – OPINION AND ORDER

required because outstanding issues remain before a finding of disability can be made. On remand, the ALJ should perform the sequential analysis and resolve conflicts in the medical record to determine whether plaintiff requires a service animal and whether she retains the functional capacity to perform 1-2 step tasks.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED.

DATED this 21st day of August, 2019.

        /s/ Jolie A. Russo
        Jolie A. Russo
        United States Magistrate Judge